# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**BARRY JOHNSON,**

    **Plaintiff,**

    v.                                            Case No.:

**LOCKHEED MARTIN CORPORATION,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **BARRY JOHNSON** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **LOCKHEED MARTIN CORPORATION** ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000.00, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act of 1992 ("FCRA").

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Pinellas County, which lies within the Middle District of Florida.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

10. At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

12. Plaintiff was employed by Defendant as an Aircraft Assembler from on or around June 4, 2018 until his unlawful termination on or around March 2, 2022.

13. Plaintiff is an African American and thus, a member of a protected class under the applicable laws.

14. During his employment, Plaintiff was an exceptional performer for Defendant. Plaintiff never received any discipline or reprimands whatsoever.

15. Despite Plaintiff performing all aspects of his work duties as required, Plaintiff was subjected to disparate treatment by Defendant based on his race.

16. Defendant's attitude towards the Plaintiff completely changed the moment Mr. Clakely, Caucasian, was promoted to be Plaintiff's manager.

17. On or around September of 2021, Mr. Clakely was promoted to be the Plaintiff's supervisor.

18. Plaintiff worked in a predominantly Caucasian work environment.

19. Shortly thereafter, Plaintiff was targeted by his newly appointed Caucasian manager based on his race and color. For example, Plaintiff subject to unwarranted write ups based on alleged "poor performance" in the workplace. However, the Plaintiff's performance in the workplace was never an issue prior.

20. This targeting transitioned into Mr. Clakely micromanaging and belittling the Plaintiff for every minor issue that would arise but would go completely unaddressed and unnoticed when a similarly situated Caucasian employee would engage in a the same or similar type of conduct.

21. Plaintiff complained of this disparate treatment he was being subjected to in the workplace on account of his race. Plaintiff complained formally to Mr. Ortiz in the Human Resources department on January 26, 2022 and on February 2, 2022.

22. However, Defendant ignored Plaintiff's complaints. Instead, Defendant chose to retaliate against Plaintiff for engaging in protected activity under Title VII and the FCRA by terminating Plaintiff's employment shortly after he had complained on March 2, 2022 for the alleged "poor performance" in the workplace.

23. Plaintiff was clearly subject to materially adverse employment action by the Defendant.

24. Defendant took adverse employment action against Plaintiff for engaging in protected activity under the FCRA and Title VII by terminating his employment.

25. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the FCRA and Title VII.

26. Defendant's reasons for terminating Plaintiff are pretext.

## COUNT I —TITLE VII VIOLATION
### (DISCRIMINATION)

27. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. Plaintiff is a member of a protected class under Title VII.

29. Plaintiff was subjected to disparate treatment.

30. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

31. Defendant's actions were willful and done with malice.

32. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT II — TITLE VII RETALIATION

33. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

34. Plaintiff is a member of a protected class under Title VII.

35. Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

36. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment.

37. Defendant has taken material adverse action against Plaintiff.

38. Defendant's actions were willful and done with malice.

39. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under Title VII;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

    (i)  Prejudgment interest on all monetary recovery obtained.

    (j)  All costs and attorney's fees incurred in prosecuting these claims; and

    (k)  For such further relief as this Court deems just and equitable.

### COUNT III – FCRA VIOLATION (DISCRIMINATION)

40. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 26 of this Complaint as though fully set forth herein.

41. Plaintiff is a member of a protected class under the FCRA.

42. Plaintiff was subjected to disparate treatment.

43. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

44. Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

    (a)  Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

    (b)  Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c)  Award back pay to Plaintiff plus interest and all benefits;

    (d)  Award liquidated damages to Plaintiff;

    (e)  Award reasonable attorney's fees and costs to Plaintiff; and

    (f)  Additional relief to which Plaintiff is entitled, including equitable relief.

### COUNT IV – FCRA RETALIATION

45. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 26 of this Complaint as though fully set forth herein.

46. Plaintiff is a member of a protected class under the FCRA.

47. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

48. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

49. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 23 day of June, 2022.

                Respectfully submitted,

                */s/ Chad A. Justice*
                **CHAD A. JUSTICE**
                Florida Bar Number: 121559
                **JUSTICE FOR JUSTICE LLC**
                1205 N Franklin St
                Suite 326
                Tampa, Florida 33602
                Direct No. 813-566-0550
                Facsimile: 813-566-0770
                E-mail: chad@getjusticeforjustice.com
                **Attorney for Plaintiff**